No. 23-60284

In the
# United States Court of Appeals
## for the Fifth Circuit

**MORRIS & DICKSON CO., LLC,**

*Petitioner,*

v.

**UNITED STATES DRUG ENFORCEMENT ADMINISTRATION,**

*Respondent.*

On Petition for Review of an Order of the
Drug Enforcement Agency

### UNOPPOSED MOTION FOR RECONSIDERATION OF DENIAL OF UNOPPOSED REQUEST FOR EXTENSION OF TIME TO FILE OPENING BRIEF

Jim Walden
John Curran
Veronica M. Wayner
James Meehan
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, NY 10281
(212) 335-2030
jwalden@wmhlaw.com

Jeffrey R. Johnson
  *Counsel of Record*
Harry S. Graver
S. Matthew Krsacok
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
(202) 879-3939
jeffreyjohnson@jonesday.com

David Phillips
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121

*Counsel for Petitioner Morris & Dickson Co., LLC*

# UNOPPOSED MOTION FOR RECONSIDERATION OF DENIAL OF UNOPPOSED REQUEST FOR EXTENSION OF TIME TO FILE OPENING BRIEF

Petitioner Morris & Dickson hereby respectfully requests reconsideration of the Clerk's order denying its Unopposed Motion for a 30-Day Extension to File the Opening Brief. *See* Fed. R. App. P. 27(b); 5th Cir. R. 27.1, 27.2.1. As the Federal Rules of Appellate Procedure, this Court's own rules, and DEA's consent indicate, an unopposed Level 1 extension of 30 days is warranted in light of the pending dispute over the completeness of the certified record. An unopposed Level 1 extension is also warranted in light of counsel's newness to the fact-intensive parts of this litigation, counsel's obligations in this case itself, and counsel's professional obligations in other matters.

Counsel for Morris & Dickson has conferred with counsel for DEA, which consented to the initial request for a 30-day extension and does not oppose this motion for reconsideration.

## BACKGROUND

This is a petition for review challenging DEA's decision to revoke Morris & Dickson's registrations to distribute controlled substances, a decision which, if left in place, would drive Morris & Dickson out of business and threaten the pharmaceutical supply chain throughout the

Southeast. On August 29, 2019, Administrative Law Judge Dorman—after presiding over a weeklong trial with more than 1,000 transcript pages' worth of testimony and more than 200 exhibits—recommended that DEA revoke Morris & Dickson's registrations. The DEA Administrator did not act on that recommendation for nearly four years, content instead to allow Morris & Dickson to continue safely operating under revamped control procedures while the parties discussed settlement. But on May 19, 2023—in the immediate aftermath of receiving a press inquiry about a forthcoming article based on leaked agency materials and criticizing DEA's supposed delay in acting on ALJ Dorman's recommendation—the Administrator revoked Morris & Dickson's registrations. *See* Dkt. 54-2 at 42–43, Walden Decl. ¶¶ 8–12. She did so even though counsel for DEA had told Morris & Dickson an hour earlier that the agency intended to reinvigorate settlement talks after the ball had been put in DEA's court. *Id.* ¶¶ 11–12.

Morris & Dickson immediately petitioned for review. On July 10, 2023, DEA filed in this Court a certified list purporting to identify "all documents, exhibits, and other material comprising the record in this matter." Dkt. 49 at 3. The Court then issued a briefing notice on July

13, 2023. Dkt. 51. The notice provided Morris & Dickson 40 days to file its Opening Brief, with a due date of August 22, 2023. *Id.*

Morris & Dickson promptly reviewed DEA's certified list and found it lacking in multiple respects relevant to Morris & Dickson's arguments on appeal. Specifically, Morris & Dickson noted that the Administrator's choice of sanction—revocation, the death penalty—turned on its own terms in part on the Administrator's claim that settlement talks had broken down. The certified list, however, did not contain settlement-related materials present before the Administrator when she decided to revoke Morris & Dickson's registrations. *See* Dkt. 54-1 at 14–17.

Similarly, Morris & Dickson noted that the Administrator's chosen sanction could not be squared with the agency's own conduct in allowing Morris & Dickson to operate for four years after the ALJ's recommendation and in taking the extraordinary step of delaying the effective date of the Order so that the parties could continue settlement talks. Morris & Dickson recognized that this course of conduct— alongside the undisputed facts about the press inquiry—also suggested that the agency acted in bad faith. *See id.* at 17–24. Accordingly, on July 21, 2023, Morris & Dickson moved this Court for an order (1) directing

DEA to complete or supplement the certified record, and (2) appointing a special master to oversee that process and any potential future discovery disputes. *See* Dkt. 54.

On July 24, 2023, DEA requested a 7-day extension of time to file its response to Morris & Dickson's pending motion. Dkt 61. Morris & Dickson consented to that request, and DEA consented to a 30-day extension of the deadline for the Company's Opening Brief. *See id.* at 2.

Morris & Dickson accordingly filed its Unopposed Motion for a 30-Day Extension to File the Opening Brief on the same day. Dkt. 62. The Company explained that it would be difficult to prepare the Opening Brief before the Court rules on the pending Motion to Complete or Supplement the Record and Appoint a Special Master: if the Court were to order DEA to complete or supplement the record, that process will take time and will shape the Company's merits arguments; if the Court were to deny the motion, it likely would do so no earlier than a week or two before the current deadline for Morris & Dickson's Opening Brief, until which time the scope of the record (and thus the Company's merits arguments) will be undefined. *See id.* at 2–3.

On July 25, 2023, this Court (1) referred Morris & Dickson's pending Motion to Complete or Supplement the Record and Appoint a Special Master to the merits panel, and (2) granted DEA's motion for 7 additional days to file its response. Dkt. 67. But in a separate order, the Clerk denied Morris & Dickson's unopposed request for a 30-day extension to file the Opening Brief. Dkt. 70.

## REASONS FOR GRANTING RECONSIDERATION

Unlike a Level 2 extension, a 30-day Level 1 extension requires only "ordinary good cause" and does not require "extraordinary … circumstances." 5th Cir. R. 31.4.3.2; *see id.* R. 31.4.3.1 (allowing such requests to be made by phone). For two independent sets of reasons, the Court should reconsider the Clerk's order and grant Morris & Dickson's Unopposed Motion for a 30-Day Extension to File the Opening Brief.

*First*, the pending dispute over the completeness of the certified record—now referred to the merits panel—provides good cause for a 30-day extension. The Federal Rules of Appellate Procedure make clear that the scope of the record should generally be determined *before* the parties begin briefing the case. Under Rule 17(a), the "agency must file the record with the circuit clerk within 40 days after being served with a

petition for review." At that point—and only at that point—does this Court then set the deadline for the opening brief. *See* Fed. R. App. P. 31(a)(1) ("The appellant must serve and file a brief within 40 days after the record is filed.").

Notably, the Federal Rules (and this Court's own procedures) also suggest that disputes about the completeness of the record should generally be resolved before briefing begins, not after it has started. Federal Rule of Appellate Procedure 10(e)(1) provides that, in district court appeals, "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Similarly, this Court's Practitioners' Guide advises parties to "promptly" review the record on appeal and "advise" the Court "[w]ithin 14 days"—more time than Morris & Dickson took here—"of any omissions," because the Court "will not be sympathetic to requests for extensions of time to file briefs if you have waited until the last moment to see if the ROA is complete and a delay then results because of a deficiency." *See* Practitioners' Guide to the U.S. Court of Appeals for the Fifth Circuit 21 (Oct. 2022). That request *presumes* that disputes about

the record should be resolved before briefing begins. And of course, that order of operations makes perfect sense. Without the complete record, the petitioner (or appellant) cannot fully present its case to the Court, and the Court cannot effectively review the decision below.

These provisions illustrate why Morris & Dickson's pending Motion to Complete or Supplement the Record and Appoint a Special Master provides good cause for a 30-day extension of its Opening Brief. If Morris & Dickson prepares its Opening Brief using the current record and the merits panel ultimately agrees that the record should be expanded, another round of briefing will be necessary, burdening the Court and significantly increasing Morris & Dickson's (and possibly DEA's) costs. Moreover, the materials with which Morris & Dickson seeks to complete or supplement the record—those bearing on the status of the parties' settlement negotiations and those bearing on the effect of the leak—also bear on Morris & Dickson's general claim that the agency lacked an adequate basis for its chosen sanction. So without the expanded record, Morris & Dickson will only be able to make part of several closely related, record-based claims in its (initial) Opening Brief.

Importantly, there is also good cause for an extension even if the merits panel were ultimately to deny Morris & Dickson's pending motion. In that scenario, the Company still would have had to prepare its Opening Brief without knowing for certain the scope of the record, and therefore the scope of its own merits arguments.

Both outcomes may be avoided by a 30-day extension. Such an extension would provide adequate time for (1) the merits panel to decide whether to rule on the pending, fully-briefed motion before the parties brief the merits, and (2) the parties to brief the merits in light of that decision. And again, DEA consented to a 30-day briefing extension in light of Morris & Dickson's pending motion, Dkt. 61 at 2, and it does not oppose reconsideration now. These circumstances amply provide good cause. Indeed, other courts have even suspended briefing in light of pending record disputes, *see, e.g.*, Order, *City of Dania Beach v. FAA*, No. 09-1064 (D.C. Cir. Sept. 10, 2009) (granting motion to suspend briefing in light of pending motion to complete administrative record); Order, *City of Dania Beach v. FAA*, No. 09-1064 (D.C. Cir. Jan. 14, 2010) (issuing new briefing schedule), underscoring the reasonableness of the Company's

8

request for a 30-day extension to enable the merits panel to consider its motion.

*Second*, and independently, there is good cause for Morris & Dickson's initial, unopposed 30-day extension because of counsel's newness to the fact-intensive portions of this complex appeal, the need to file a Reply to DEA's forthcoming opposition to the Company's Motion to Complete or Supplement the Record and Appoint a Special Master, and counsel's obligations in other litigation.

Notwithstanding its deficiencies, the current record in this matter is voluminous, containing over 1,000 pages of hearing transcripts and more than 200 exhibits before the ALJ alone. *See* Dkt. 49 (DEA's certified list). The conduct by Morris & Dickson at issue spans four years, *see* 88 Fed. Reg. 34523 (May 30, 2023), and its record of remediation—which DEA disregarded—extends another four years, *see* Dkt. 54-2 at 36, Hatcher Decl. ¶ 20. Unsurprisingly, Morris & Dickson's merits arguments will include a number of arguments that turn heavily on the contents of that record, including arguments under the Administrative Procedure Act. *See* Dkt. 9-1.

But appellate counsel for Morris & Dickson (Jones Day) did not represent the Company on these issues in the administrative proceedings before the ALJ or before the Administrator. And current agency counsel (Walden Macht & Haran) did not represent the Company before DEA until after the Company filed its exceptions to the ALJ's report and recommendation. *See* Dkt. 54-2, at 40, Walden Decl. ¶ 3. Since proceedings began in this Court, counsel have been diligently preparing other filings, including nearly 60 pages' worth of briefing on Morris & Dickson's successful (but opposed) stay motion and its pending Motion to Complete or Supplement the Record and Appoint a Special Master. As a result, counsel for Morris & Dickson need additional time to review the record to prepare an adequate brief on the merits.

Counsel's other obligations in this case itself also provide good cause for a 30-day extension of time. This Court granted DEA's motion to extend its time to respond to Morris & Dickson's Motion to Complete or Supplement the Record and Appoint a Special Master by seven days, making that brief due on August 7, 2023. Dkt. 67. Morris & Dickson's Reply will therefore be due on August 14. *See* Fed. R. App. P. 27(a)(4). Without an extension of time to file its Opening Brief, counsel will thus

have to *simultaneously* prepare Morris & Dickson's Reply and its Opening Brief, depriving it of one of the four weeks it currently has to prepare that brief.

Finally, counsel have other litigation commitments that will hinder their ability to prepare an adequate merits brief by August 22. Most significantly, Jeffrey Johnson, counsel of record, has primary responsibility for a series of briefs due around the same time—*e.g.*, Motion to Dismiss or to Compel Arbitration, *Posternock v. Sirius XM Radio Inc.*, No. 23-cv-2680 (D.N.J.) (due August 18, 2023); Motion to Dismiss or to Compel Arbitration, *Carovillano v. Sirius XM Radio Inc.*, No. 23-cv-4723 (S.D.N.Y.) (due August 18, 2023); Reply in Support of Motion to Compel Arbitration, *Stevenson v. Sirius XM Radio Inc.*, No. 23-cv-2367 (N.D. Cal.) (due September 4, 2023)—with deadlines that have been extended already. These briefing responsibilities come in addition to Mr. Johnson's day-to-day oversight responsibility in ongoing nationwide opioid and pharmaceutical litigation involving a major pharmacy chain.

These matters cannot reasonably be deferred, and an extension of 30 days would allow adequate time to prepare Morris & Dickson's

Opening Brief alongside those other obligations. Thus, appellate counsel's need to review the record in this complex case, counsel's simultaneous obligations in this case, and counsel's obligations in other cases together justify its first, unopposed request for a 30-day extension.

\* \* \*

Morris & Dickson has acted with dispatch throughout these proceedings. It petitioned for review immediately upon publication of DEA's Order in the Federal Register. *See* Dkt. 1-1. It promptly notified the Court of apparent deficiencies in the record, filing its Motion to Complete or Supplement the Record and Appoint a Special Master within 14 days of receiving DEA's certified list. *See* Practitioners' Guide at 21. And it sought its (first, unopposed) extension of time to file its Opening Brief more than three weeks before that brief was due. In light of these and the other circumstances recounted above, there is good cause to extend Morris & Dickson's time to file its Opening Brief by 30 days.

## CONCLUSION

For the reasons above, Morris & Dickson respectfully requests that the Court reconsider the Clerk's order of July 25, 2023, and extend the deadline for the Company's Opening Brief by 30 days to September 21, 2023.

Dated: July 26, 2023

Jim Walden
John Curran
Veronica M. Wayner
James Meehan
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, NY 10281
(212) 335-2030
jwalden@wmhlaw.com

Respectfully submitted,

*/s/ Jeffrey R. Johnson*
Jeffrey R. Johnson
　*Counsel of Record*
Harry S. Graver
S. Matthew Krsacok
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
(202) 879-3939
jeffreyjohnson@jonesday.com

David Phillips
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121

*Counsel for Petitioner Morris & Dickson Co., LLC*

13

# CERTIFICATE OF COMPLIANCE

In accordance with Federal Rule of Appellate Procedure 32(g), I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,418 words, as counted by Microsoft Word, excluding the parts of the motion excluded by Federal Rule of Appellate Procedure 32(f).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word in Century Schoolbook 14-point font.

Dated: July 26, 2023         */s/* Jeffrey R. Johnson
                             *Counsel of Record for Petitioner*
                             *Morris & Dickson Co., LLC*

## CERTIFICATE OF ELECTRONIC SUBMISSION

I certify that: (1) any required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission of this document is an exact copy of any corresponding paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free from viruses.

Dated: July 26, 2023     /s/ Jeffrey R. Johnson
                         *Counsel of Record for Petitioner*
                         *Morris & Dickson Co., LLC*

## CERTIFICATE OF SERVICE

I certify that on July 26, 2023, the foregoing motion was electronically filed with the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, and that all parties required to be served have been served.

Dated: July 26, 2023             */s/* Jeffrey R. Johnson
                                                          *Counsel of Record for Petitioner*
                                                          *Morris & Dickson Co., LLC*